# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLEARENT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00491-MTS |
| | ) |
| THOMAS BROOKS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on review of the file.  The Court finds that subject matter jurisdiction in this case has not been established.  *See Bueford v. Resol. Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (noting a lack of subject matter jurisdiction "may be raised at any time by a party to an action, or by the court *sua sponte*").  Plaintiff is given fourteen (14) days by which to file an amended complaint to establish that this Court has subject matter jurisdiction in this case.  *See* 28 U.S.C. § 1653; *Harper v. Marshall Ford Sales, Inc.*, 366 F. App'x 721, 722 (8th Cir. 2010) (finding district court should have provided plaintiff "notice or an opportunity to amend" before dismissing case for lack of subject matter jurisdiction).

Plaintiff asserts that the Court has subject matter jurisdiction over this diversity action under 28 U.S.C. § 1332(a).  But Plaintiff has not properly pleaded its citizenship.  Plaintiff is a limited liability company.  As such, its citizenship is determined by that of its members.  *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Plaintiff alleges its members are Clearent Newco, LLC, "a Delaware limited liability company," and CMS Intermediate, Inc., "a Delaware corporation."  Doc. [1] ¶ 4.  Plaintiff does not specify how CMS Intermediate, Inc. is "a Delaware corporation."  That is, Plaintiff does not say where CMS

Intermediate's principle place of business is or where it was incorporated. *See Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business.").

Plaintiff also did not allege who the members are of Clearent Newco, LLC. "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of . . . members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003); *accord Fountain Plaza Fin., LLC v. Centrue Bank*, No. 4:14-cv-01388-AGF, 2014 WL 5420793, at *2 (E.D. Mo. Oct. 22, 2014).

Failure to file an amended complaint establishing this Court's subject matter jurisdiction will result in dismissal of the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint properly establishing this Court's subject matter jurisdiction within fourteen (14) days.

Dated this 10th day of May, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE